**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

FILED _____

2007 MAY -8  PH 3: 05

CLARENCE
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

JOSE MARTINEZ-PINELLOS,

      Plaintiff,

vs.

CASE NO. : **07-21204
CIV-HIGHSMITH**
/ McALILEY

MARONDA HOMES, INC. OF FLORIDA,

      Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, and 1446, Defendant, Maronda Homes, Inc. of Florida, hereby removes this action to the United States District Court for the Southern District of Florida, Miami Division.  The grounds for removal are as follows:

1.      Plaintiff filed an action against Defendant in the Circuit Court, Eleventh Judicial Circuit, in and for Dade County, Florida, Case No. 07-10146-CA-08 (the "State Court Action"). The initial Complaint has now been served on the Defendant, Maronda Homes, Inc. of Florida.

2.      Defendant, Maronda Homes, Inc. of Florida was initially served with the Complaint on April 16, 2007, when it became aware the State Court Action was filed.

3.      From the allegations in Plaintiff's Complaint, count II arises under one or more laws of the United States.  In particular, Plaintiff  raises a claim under Title VII of the Civil Rights Act of 1964.

4.      Thus, this Court has original jurisdiction over the cause of action pursuant to 28 U.S.C. § 1331, and removal of this action to this Court is proper under 28 U.S.C. § 1441.

5.      Moreover, Count I of Plaintiff's Complaint raises claims pursuant to Chapter 760, Florida Statutes that are sufficiently related to the federal question claims as to form part of the

same case or controversy.  Further, Count III raises claims that are likewise sufficiently related to the federal question claims as to form part of the same case or controversy.  Accordingly, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue must be had in the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1441.

7.     Defendant has provided written notice of the filing of this Notice of Removal to the Plaintiff by service upon his attorney and has filed a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit for Dade County, Florida.

8.     All of the papers filed in the State Court Action are attached hereto as Composite **Exhibit "A."**

9.     The undersigned attorneys, authorized by Defendant to file this Notice of Removal, are licensed in the State of Florida, and are members of the Bar of this Court.

**WHEREFORE**, Defendant respectfully requests that this action proceed in this Court as an action properly removed for the reasons set forth above.

HOLLAND & KNIGHT LLP

By: _____
Stephen T. Ball
Florida Bar No. 0716121
stephen.ball@hklaw.com
Erin A. Webb
Florida Bar No. 0184039
erin.webb@hklaw.com
HOLLAND & KNIGHT LLP
Post Office Box 1526
Orlando, Florida 32802-1526
Phone: (407) 425-8500
Fax: (407) 244-5288

Trial Counsel for Defendant

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

by Facsimile/~~Hand Delivery~~/U.S. Mail to Lawrence J. McGuinness, Lawrence J. McGuinness,

P.A., 5805 Blue Lagoon Drive, Suite 145, Miami, Florida 33126 on this 8th day of May,

2007.

Attorney

# 4488589_v1

3

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | CIVIL COVER SHEET | CASE NUMBER<br><br>07-10146CA08 |
|---|---|---|

| PLAINTIFF<br>*Jose Martinez-Pinellos* | VS. DEFENDANT<br>*Maronda Homes, Inc. of Fla* | CLOCK IN |
|---|---|---|

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

## TYPE OF CASE (Place an 'x' in one box only)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution of Marriage | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mortgage foreclosure |
| ☐ Support - Non IV-D | ☐ Other negligence | ☐ Eminent domain |
| ☐ UIFSA - IV-D | | ☐ Challenge to proposed Constitutional Amendment |
| ☐ UIFSA - Non IV-D | | ☑ Other |
| ☐ Domestic Violence | | |
| ☐ Other domestic relations | | |

| Is Jury Trial Demanded in Complaint ? | ☑ Yes ☐ No | DATE: 4/8/07 |
|---|---|---|

Signature of Attorney for party initiating action:

JUDGE:

**COMPOSITE EXHIBIT A**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN & FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JOSE MARTINEZ-PINELLOS,           :    CASE NO.
                                  :            07-10146CA08
        Plaintiff,                :
                                  :
vs.                               :    2560
                                  :    11554#
MARONDA HOMES, INC. OF            :    A#2989
FLORIDA                           :
                                  :    DISCRIMINATION
        Defendant.                :    COMPLAINT
_____/

Plaintiff, through counsel, sues Defendant, and alleges:

## A. GENERAL ALLEGATIONS

1.    This is a national origin (Hispanic) discrimination claim
seeking declaratory and injunctive relief and damages to redress
violations of Chapter 760, Fla. Stat. (the "Act") and Title VII.
Plaintiff seeks back pay and benefits and, because of the nature of
Defendant's conduct, front pay.  Plaintiff seeks all other damages
available under the Act and under Title VII.

2.    Plaintiff is Hispanic and he worked as an Electrician for
Defendant from September 2005 until terminated in January 2006.

3.    While  employed  by  Defendant,  five  other  Hispanic
Electricians were also terminated by Defendant and replaced by
Anglo Electricians.  At the time of Plaintiff's termination for the
pretextual reason of "no more homes to build," while other Hispanic
Electricians were also fired, similarly situated Anglo Electricians
were not fired.

-1-

4. Plaintiff, by this claim, seeks a declaratory judgment and injunction to determine that he was discriminated against because of his national origin (Hispanic).

3. Plaintiff has retained the undersigned counsel and is obligated to pay said counsel a reasonable fee for services rendered herein. Said attorneys' fees and costs are payable pursuant to the Act and Title VII.

## B. JURISDICTION

4. This action arises under the Act and Title VII. The Court has concurrent jurisdiction to grant declaratory relief and further relief pursuant to said acts.

5. Venue is proper in this Circuit since the parties reside and/or are doing business therein.

6. The trial court is vested with jurisdiction to order and injunction, reinstatement back pay, front pay, or any other relief as may be proper, pursuant to the Act and Title VII.

## C. THE PARTIES

7. At the time of his termination, Plaintiff was qualified to continue working as an Electrician.

8. Defendant is a Florida corporation doing business in Miami-Dade County, Florida. Defendant, who employed more than 15 employees at the time of Plaintiff's termination, is engaged in an industry affecting commerce and employs more than 15 persons; hence, the Employer is an "employer" as envisioned by the Act and Title VII.

-2-

## D. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9.     Plaintiff timely filed his Charge of Discrimination with the FCHR and/or EEOC.

10.    The FCHR and/or EEOC issued Plaintiff a Notice of Right To Sue dated February 12, 2007.

11.    Based on ¶¶ 9 and 10, Plaintiff complied with and/or satisfied all conditions precedent and/or administrative requirements before filing this claim against Defendant.

## COUNT I - VIOLATION OF
## THE ACT AGAINST DEFENDANT - NATIONAL ORIGIN

12.    Plaintiff realleges and reavers ¶¶ 1 through 11 as if fully set forth herein.

13.    At all times material, Plaintiff was and is a member of a protected group under the Act, i.e.: he is an Hispanic who was treated less favorably than Defendant's Anglo employees.

14.    Plaintiff was discriminated against because of his national origin (Hispanic) for the following reasons:

a.    Anglo Electricians were not fired while Hispanic employees, like Plaintiff, were fired; and

b.    Defendant's employees and managers referred to Plaintiff and the other Hispanic Electricians in a derogatory manner (e.g., "f____ing Hispanics") and at the time of Plaintiff's termination he was told to "take your raft back to f_____ing Cuba.").

15.    The disparate treatment relative to other Anglo similarly situated employees to which Plaintiff was subjected by Defendant was based upon Plaintiff being Hispanic and Defendant having a preference for Anglo employees.  Defendant did not engage in similar conduct to other similarly situated Anglo employees.

-3-

16. Plaintiff, based on Defendant's actions, was damaged under the Act.

17. The conduct of Defendant, through its employees and agents, deprived Plaintiff of his statutory rights under the Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment awarding him all such legal, equitable, and monetary relief as will effectuate the purpose of the Act, including but not limited to:

a. Awarding appropriate damages, including punitive damages, to Plaintiff available under the Act;

b. Issuing a Declaratory Judgment that Defendant's practices are violative of Plaintiff's rights under the Act;

c. Enjoining Defendant from continuing or maintaining the policy, practice, and custom of denying non-Hispanic employees their rights secured by the Act;

d. Restoring Plaintiff with credits of all other employee benefits he would have received but for Defendant's discrimination; and

f. Granting Plaintiff his costs and a reasonable award of attorneys fees pursuant to the Act.

-4-

## COUNT II - VIOLATION OF
## TITLE VII AGAINST DEFENDANT - NATIONAL ORIGIN

18.  Plaintiff realleges and reavers ¶¶ 1 through 11 as if fully set forth herein.

19.  At all times material, Plaintiff was and is a member of a protected group under Title VII, i.e.: he is an Hispanic who was treated less favorably than Defendant's Anglo employees.

20.  Plaintiff was discriminated against because of his national origin (Hispanic) for the following reasons:

a.  Anglo Electricians were not fired while Hispanic employees, like Plaintiff, were fired; and

b.  Defendant's employees and managers referred to Plaintiff and the other Hispanic Electricians in a derogatory manner (e.g., "f____ing Hispanics") and at the time of Plaintiff's termination he was told to "take your raft back to f_____ing Cuba.").

21.  The disparate treatment relative to other Anglo similarly situated employees to which Plaintiff was subjected by Defendant was based upon Plaintiff being Hispanic and Defendant having a preference for Anglo employees.  Defendant did not engage in similar conduct to other similarly situated Anglo employees.

22.  Plaintiff, based on Defendant's actions, was damaged under Title VII.

23.  The conduct of Defendant, through its employees and agents, deprived Plaintiff of his statutory rights under Title VII.

-5-

<u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment awarding him all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII, including but not limited to:

a.  Awarding appropriate damages, including punitive damages, to Plaintiff available under Title VII;

b.  Issuing a Declaratory Judgment that Defendant's practices are violative of Plaintiff's rights under Title VII;

c.  Enjoining Defendant from continuing or maintaining the policy, practice, and custom of denying non-Hispanic employees their rights secured by Title VII;

d.  Restoring Plaintiff with credits of all other employee benefits he would have received but for Defendant's discrimination; and

f.  Granting Plaintiff his costs and a reasonable award of attorneys fees pursuant to Title VII.

## COUNT III
## <u>OWED WAGES</u>

24.  The allegations of ¶¶7 through 8 above are realleged and incorporated herein by reference.

25.  Defendant owes Plaintiff wages from jobs 1SVP502 and 1S040255.

26.  Plaintiff's failure to pay Plaintiff such wages has caused damages to Plaintiff.

**WHEREFORE,** Plaintiff demands Judgment against Defendant for damages, including accrued prejudgment interest, interest, attorneys' fees pursuant to §448.08, Fla. Stat., costs and such other relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable for Counts I, II and III.

Respectfully submitted,

LAWRENCE J. McGUINNESS, P.A.
Counsel for Plaintiff
5805 Blue Lagoon Dr., Suite 145
Miami, Florida 33126
Ph. No. (305) 264-5611
Fax No. (305) 264-5617
ljmpa@comcast.net

BY:_____
     LAWRENCE J. McGUINNESS
     Fla. Bar No. 814611

-7-

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

JOSE MARTINEZ-PINELLOS,

       Plaintiff,

vs.

CASE NO. : 07-10146-CA-08

MARONDA HOMES, INC. OF FLORIDA,

       Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Maronda Homes, Inc. of Florida, by and through its undersigned attorneys, hereby files this Answer and Affirmative Defenses to the Complaint of Plaintiff, Jose Martinez-Pinellos ("Plaintiff"), and would state as follows:

1.     Admit for jurisdictional purposes only. Deny any wrongdoing on the part of the Defendant.

2.     Without knowledge as to Plaintiff's national origin status. Admit that Plaintiff was employed by Defendant from approximately September of 2005 until January of 2006 and further admit that Plaintiff's employment was terminated.

3.     Deny.

4.     Deny any discriminatory action on the part of the Defendant. Without knowledge as to the remainder of Paragraph 4.

5.     (incorrectly numbered 3). Without knowledge.

6.     (incorrectly numbered 4). Admit for jurisdictional purposes only but deny any wrongdoing on the part of the Defendant.

)                                    )

7. (incorrectly numbered 5). Deny.

8. (incorrectly numbered 6). Admit for jurisdictional purposes only but deny any wrongdoing on the part of the Defendant.

9. (incorrectly numbered 7). Deny.

10. (incorrectly numbered 8). Admit that Defendant is a Florida corporation but deny that Defendant does any business in Miami-Dade County, Florida. Admit the remainder of this Paragraph.

11. (incorrectly numbered 9). Without knowledge.

12. (incorrectly numbered 10). Without knowledge.

13. (incorrectly numbered 11). Without knowledge.

## COUNT I

14. (incorrectly numbered 12). Defendant realleges and incorporates its answers to Paragraphs 1-13 above.

15. (incorrectly numbered 13). Deny that Plaintiff was treated less favorably that Defendant's Anglo employees. Without knowledge as to the remainder of this Paragraph.

16. (incorrectly numbered 14). Deny.

17. (incorrectly numbered 15). Deny.

18. (incorrectly numbered 16). Deny.

19. (incorrectly numbered 17). Deny.

## COUNT II

20. (incorrectly numbered 18). Defendant realleges and incorporates its answers to Paragraphs 1-13 above.

21. (incorrectly numbered 19). Deny that Plaintiff was treated less favorably that Defendant's Anglo employees. Without knowledge as to the remainder of this Paragraph.

2

22. (incorrectly numbered 20).  Deny.

23. (incorrectly numbered 21).  Deny.

24. (incorrectly numbered 22).  Deny.

25. (incorrectly numbered 23).  Deny.

### COUNT III

26. (incorrectly numbered 24).  Defendant realleges and incorporates its answers to Paragraphs 9 and 10 above.

27. (incorrectly numbered 25).  Deny.

28. (incorrectly numbered 26).  Deny.

**Defendant hereby denies all other allegations not specifically addressed above and further demand judgment be entered in its favor and against Plaintiff for cost, attorneys' fees and all other relief deemed proper by this Court.**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted under Title VII of the Civil Rights Act of 1964, as amended, and the Florida Civil Rights Act.

### SECOND AFFIRMATIVE DEFENSE

The actions of the Defendant were reasonable and undertaken in good faith for lawful purposes and pursuant to legitimate business and employment reasons.

### THIRD AFFIRMATIVE DEFENSE

Conduct on the part of Plaintiff caused all or part of Plaintiff's damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot rebut the legitimate, non-discriminatory business-related reasons for the decisions Defendant made relating to Plaintiff's employment.

3

## FIFTH AFFIRMATIVE DEFENSE

Defendant would state to the extent Plaintiff has suffered losses, he has failed to mitigate or avoid such losses and this operates to bar or diminish any recovery against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee whose employment was terminable at any time for any reason not prohibited by law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim because the injuries and damages allegedly sustained by Plaintiff, if any, were not the result of any acts, omissions, or any other conduct by the Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's employer exercised reasonable care to prevent and correct promptly any discriminatory behavior.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's employer had strict polices against discrimination which were known to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by his employer, or to otherwise avoid harm.

## ELEVENTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff is entitled to any damages resulting from his termination, some or all of Plaintiff's claims may be barred by the after-acquired evidence doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that the reasons proffered by the Defendant for the employment actions taken pertaining to Plaintiff were pretextual.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that similarly-situated employees were treated more favorably than was he.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against Defendants because he has failed to allege and cannot prove fault by the Defendant sufficient to justify the imposition of punitive damages against it.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Complaint are barred, in whole or in part, as to any matters: (i) not contained in Plaintiff's administrative charge; (ii) for which no right to sue letter has been issued; and/or (iii) for which Plaintiff has failed to exhaust administrative remedies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to meet the conditions precedent to maintaining his claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has been paid for all jobs he worked while employed by the Defendant and specifically for the two jobs in question in Count III as evidenced by the cancelled checks. Plaintiff has also signed a release in favor of Defendant releasing Defendant from any obligations for any payments while he was an employee of Defendant.

**Defendant reserves the right to amend this Answer to assert any additional defenses or claims that it may have against Plaintiff.**

5

**WHEREFORE**, Defendant requests that the Court enter judgment in its favor on all of Plaintiff's claims, that Plaintiff take nothing by this suit, that Defendants recover its costs, including reasonable attorneys' fees, and that Defendant recover such other further relief as this Court deems just and proper.

Stephen T. Ball
Florida Bar No. 716121
stephen.ball@hklaw.com
Erin A. Webb
Florida Bar No. 0184039
erin.webb@hklaw.com
HOLLAND & KNIGHT LLP
Post Office Box 1526
Orlando, Florida 32802-1526
Phone: (407) 425-8500
Fax: (407) 244-5288

Trial Counsel for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished by Facsimile/~~Hand Delivery~~/U.S. Mail to Lawrence J. McGuinness, Lawrence J. McGuinness, P.A., 5805 Blue Lagoon Drive, Suite 145, Miami, Florida 33126 this ____ day of May, 2007.

Attorney

# 4525882_v1

6

**07-21204**
**CIV-HIGHSMITH**
/ McALILEY

JS 44
(Rev. 3/99)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I(a) PLAINTIFFS
Jose Martinez-Pinellos

### DEFENDANTS
Maronda Homes, Inc. of Florida

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Dade_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Seminole County_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lawrence J. McGuiness, Esq.
Lawrence J. McGuiness, P.A.
5805 Blue Lagoon Dr., Ste. 145
Miami, FL  33126
Ph: (305) 264-5611

ATTORNEYS (IF KNOWN)
Stephen T. Ball, Esq.
Holland & Knight LLP
200 S. Orange Avenue, Ste. 2600
Orlando, FL 32801
(407) 244-1140

### II. BASIS OF JURISDICTION
(PLACE AN X IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☒ 3  Federal Question (U.S. GOVERNMENT NOT A PARTY)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES
(FOR DIVERSITY CASES ONLY)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

DADE-07-21204-CU-HIGHSMITH-McALILEY

### IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Removal pursuant to 28 U.S.C. § 1452(a)

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury-- Med Malpractice
☐ 365 Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademarks

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded From Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### V. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

$350.00   959232

05/08/07

**VII. RELATED CASE(S)** (See instructions):

**IF ANY** In The Circuit Court, Miami-Dade County, FL

Judge: *Judge Gisela Cardonne Ely*    Docket Number *07-10146CA08*

5·8·07
Date

SIGNATURE OF ATTORNEY OF RECORD

*United States District Court*

# 4525998_v1